**Blanca Mirna Alvarado TIRADO,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–72646.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Blanca Mirna Alvarado Tirado, Perris, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Blanca Mirna Alvarado Tirado, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming without opinion an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process challenges to immigration decisions, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004), and review for substantial evidence the agency's determination regarding continuous physical presence in the United States, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). We deny in part and grant in part the petition for review, and remand for further proceedings consistent with this memorandum disposition.

A sworn I–130 application indicated and Tirado's brother testified that Tirado entered the United States in 1990 rather than 1987. Substantial evidence therefore supports the IJ's finding that Tirado failed to establish her continuous physical presence in the United States between 1987 and 1997. *See* 8 U.S.C. § 1229b(b)(1)(A).

Tirado's contention that the statute's physical presence requirement violates her due process rights is without merit. *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003). Similarly, her contention that the BIA's summary affirmance without an opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–49 (9th Cir.2003).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir. 2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore grant the petition for review and remand to the agency for further proceedings concerning Tirado's voluntary departure status.

Tirado's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.